Order Filed on October 27, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br>LTL MANAGEMENT LLC,[1]<br>          Debtor. | Chapter 11<br>Case No.: 21-30589 (MBK)<br>Judge: Michael B. Kaplan |
| LTL MANAGEMENT LLC,<br>          Plaintiff,<br>v.<br>STATE OF NEW MEXICO, ex rel. HECTOR H. BALDERAS, Attorney General, and STATE OF MISSISSIPPI, ex rel. JIM HOOD, Attorney General,<br>          Defendants. | Adv. Proc. No. 22-01231 (MBK) |

**ORDER GRANTING THE DEBTOR'S**
**REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF**

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: October 27, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor: LTL Management LLC
Adv. Proc. No. 22-01231 (MBK)
Caption: Order Granting the Debtor's Request for Preliminary Injunctive Relief

This matter coming before the Court on the *Debtor's Verified Complaint for Injunctive Relief (I) Preliminarily Enjoining the Prosecution of the New Mexico and Mississippi State Actions and (II) Granting a Temporary Restraining Order Pending a Final Hearing* [Adv. Dkt. 1] (the "Complaint") and the *Debtor's Motion for an Order (I) Preliminarily Enjoining the Prosecution of the New Mexico and Mississippi State Actions and (II) Granting a Temporary Restraining Order Pending a Final Hearing* [Adv. Dkt. 2] (the "Motion"),[1] both filed by the above-captioned plaintiff and debtor (the "Debtor"); the Court having considered (a) the submissions of the parties, including the Complaint, the Motion, and the responses, declarations, objections, and replies in respect of the Motion,[2] (b) the arguments of counsel at a hearing on September 14, 2022 (the "Hearing"), and (c) the evidence submitted by the parties at the Hearing, including declarations filed with the Court; the Court having taken judicial notice of prior rulings and documents filed in the underlying bankruptcy case (No. 21-30589) and the related adversary proceedings (Adv. Pro. Nos. 21-03032 and 22-01073), including sworn statements and exhibits attached thereto, and prior testimony; the Court having previously entered the *Consent Order Regarding (I) Briefing Schedule for Debtor's Motion for an Order Preliminarily Enjoining the Prosecution of the New Mexico and Mississippi State Actions, (II) Agreed Stay of Such Actions and (III) Extension of Time for Defendants to Respond to the Complaint* [Adv. Dkt. 15] and having issued the *Memorandum Opinion* [Adv. Dkt. 31] (the "PI Opinion"); for the reasons set forth in the PI Opinion, which is incorporated herein by reference,

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

[2] See Adv. Dkts. 5, 18, 19, 21, 22, 23, and 24.

(Page 3)
Debtor: LTL Management LLC
Adv. Proc. No. 22-01231 (MBK)
Caption: Order Granting the Debtor's Request for Preliminary Injunctive Relief

1. The Motion is GRANTED and the Adversary Proceeding is resolved in favor of the Debtor. All objections to the relief granted herein and to the admission of evidence are OVERRULED.

2. New Mexico and Mississippi (the "Enjoined States") are prohibited and enjoined, pursuant to sections 105 and 362 of the Bankruptcy Code, from continuing to prosecute the State Actions against the State Protected Parties or the Debtor for the period this Order is effective pursuant to paragraph 7, below. This injunction includes, without limitation: (a) the pursuit of discovery from the State Protected Parties or the Debtor or their officers, directors, employees or agents; (b) the enforcement of any discovery order against the State Protected Parties or the Debtor; (c) the action *Johnson & Johnson, et al., v. The Hon. Matthew Justin Wilson and State of New Mexico, Ex Rel. Hector Balderas, Attorney General, et. al*, No. S-1-SC-39284 (N.M.); and (d) further motions practice related to the foregoing.

3. Pursuant to Bankruptcy Rule 7065, the Debtor is relieved from posting any security pursuant to Civil Rule 65(c).

4. This Order shall be immediately effective and enforceable upon its entry.

5. This Order shall toll as of the date hereof all deadlines in the State Actions, whether pursuant to any applicable non-bankruptcy law, any order entered in a non-bankruptcy proceeding, or any agreement until the later of: (a) the expiration of such deadline, including any suspension of such deadline occurring on or after the commencement of the case; or (b) 30 days after notice of the termination or expiration of the stay and preliminary injunction issued by this Order.

(Page 4)
Debtor: LTL Management LLC
Adv. Proc. No. 22-01231 (MBK)
Caption: Order Granting the Debtor's Request for Preliminary Injunctive Relief

6. The Debtor shall cause a copy of this Order to be served via email, facsimile, hand delivery, or overnight carrier on counsel for the Enjoined States; the Official Committee of Talc Claimants; Randi S. Ellis as the Legal Representative for Future Talc Claimants; the Ad Hoc Committee of States Holding Consumer Protection Claims; and the Office of the United States Trustee for the District of New Jersey within three business days of its entry on the Court's docket.

7. This Order shall be promptly filed in the Clerk of Court's office and entered into the record, and, subject to further order of the Court and without prejudice to the Enjoined States' ability to move to terminate or modify it and the Debtor's ability to move to extend it, it shall remain effective until the date of confirmation of a plan of reorganization in the Chapter 11 Case or the date on which the Chapter 11 Case is dismissed or otherwise terminated.

8. The Court will revisit continuation of the automatic stay and preliminary injunction ordered herein in respect of the State Actions at the hearing scheduled for December 20, 2022 at 10:00 a.m. prevailing Eastern Time.

9. This Court retains exclusive jurisdiction over this Order and any and all matters arising from or relating to the implementation, interpretation or enforcement of this Order.